UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY EARL NORRIS,<br><br>                                   Plaintiff,<br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security Administration,<br><br>                                  Defendant. | Case No.: 18-CV-0469 W (KSC)<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b) [DOC. 15]** |

     Pending before the Court is Plaintiff's counsel, the Law Offices of Lawrence D. Rohlfing's ("Counsel"), motion for attorney's fees under 42 U.S.C. §406(b). Counsel requests $10,000.00 in fees, with a credit to Plaintiff for the EAJA fees previously paid in the amount of $777.39. On August 13, 2019, Defendant filed a response taking no position on the request. (*See Def's Response* [Doc. 16].) Plaintiff was served with the motion and notified that any response had to be filed within 14 days. (*Mot.* [Doc. 15] 2:1–13.) To date, Plaintiff has not filed a response to Counsel's attorney's fee request.

     The Court decides the matter on the papers submitted, and without oral argument. <u>See</u> Civ.L.R. 7.1.d. For the following reasons, the Court **GRANTS** the motion [Doc. 15].

1

I. **DISCUSSION**

Section 406(b) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

Id. "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir.2009) (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802, (2002)). "The goal of fee awards under section 460(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted." Thomas v. Colvin, 2015 WL 1529331, *1 (E.D. Cal. 2015) (citing Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir.1989), *abrogated on other grounds in* Gisbrecht, 535 U.S. at 807).

In evaluating an attorney's fee request, courts "must respect 'the primacy of lawful attorney-client fee arrangements,' … 'looking first to the contingent-fee agreement, then testing for reasonableness.'" Crawford, 586 F.3d at 1148 (quoting Gilbrecht, 535 U.S. at 793, 808). Factors courts may consider in evaluating the reasonableness of the attorney fee award are: (1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. Thomas, 2015 WL 1529331, *2 (citing Crawford, 586 F.3d at 1148).

Here, Counsel was successful in obtaining a favorable result for Plaintiff in this Court by securing a remand to the Commissioner for further administrative proceedings. (*Order* [Doc. 10] 1:24–2:2.) On remand, the Commissioner granted Plaintiff's

2

application for benefits, entitling him to receive $83,082.00 in retroactive benefits. (*Shapiro Decl.* [Doc. 15-1] ¶¶ 3, 4, citing Ex. 2 and Ex. 3.[1]) Thus, no reduction is warranted due to a substandard performance, nor is there any basis to reduce fees based on dilatory conduct, as there is no indication Counsel caused any excessive delay. Additionally, the Court has reviewed the amount of time spent on this matter, Counsel's experience, and the *United States Consumer Law Attorney Fee Survey Report 2015–2016*. (*See Shapiro Decl.*, ¶¶ 5–8, Ex. 4 and Ex. 5.) Considering all these factors, the Court finds the effective hourly rate is consistent with the market and the work on this matter reasonable.

## II. CONCLUSION & ORDER

For the reasons stated above, the Court **GRANTS** the motion for attorney's fees [Doc. 15] and **ORDERS** as follows:

1. The Law Offices of Lawrence D. Rohlfing is **AWARDED** $10,000.00 in attorney's fees.
2. The Commissioner shall certify the fee of $10,000 payable to the Law Offices of Lawrence D. Rohlfing.
3. The Law Offices of Lawrence D. Rohlfing shall reimburse Plaintiff Ricky Earl Norris $777.39 for the EAJA fees previously paid.

**IT IS SO ORDERED.**

Dated: August 20, 2019

_____
Hon. Thomas J. Whelan
United States District Judge

---

[1] Brian C. Shapiro's declaration, and all exhibits referenced therein are attached to the Motion.

3